UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD D. HARDEN, | Case No. 2:15-cv-01168-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| HIGH DESERT STATE PRISON, *et al.,* | |
| Defendants. | |

### I.   INTRODUCTION

This case is before the Court on two motions filed by Plaintiff Harold D. Harden: a Motion for a Temporary Restraining Order and a Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. ECF No. 4, 5. In its Screening Order, the Court denied these motions to the extent they sought a temporary restraining order and set the matter for a hearing on August 27, 2015 to determine whether a preliminary injunction should issue. ECF No. 6.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 20).

The Ninth Circuit has also held that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011).

1  According to this test, a plaintiff can obtain a preliminary injunction by showing "that serious
2  questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's
3  favor." Id. at 1134-35 (citation omitted).

4  Harden's motions for a preliminary injunction seek three types of relief: First, Harden
5  requests that he be served double meal orders and a daily multivitamin. Second, Harden requests
6  that he be transferred for immediate surgery and given a second medical opinion as to his medical
7  condition. Third, Harden requests that he be allowed to view his medical records. Defendants filed
8  a response to Harden's requests, but did not address his request for medical records. Moreover,
9  Defendants did not oppose that aspect of Harden's motions at the hearing held on August 27, 2015.

10  At that August 27 hearing, and for the reasons stated on the record, the Court denied
11  Harden's requests for double meals, a daily multivitamin, immediate transfer for surgery, and a
12  second medical opinion. However, the Court finds that Harden's request for an Order to be able
13  view his medical records should be granted. This Order states the reasons for the Court's grant of
14  injunctive relief.

15  First, the Court finds that Harden's ability to litigate the claims in his Complaint, which
16  deal directly with the medical treatment he received at High Desert State Prison and Ely State
17  Prison, would be impaired without access to his medical records. Therefore, the Court need not
18  consider Harden's likelihood of success on the merits of his claims. See Diamontiney v. Borg, 918
19  F.2d 793, 796 (9th Cir. 1990) (holding it was not an abuse of discretion for the district court not to
20  consider the merits of the underlying action where the practices challenged by the plaintiff affected
21  his ability to litigate and his access to the court).

22  Second, Harden would likely suffer irreparable harm if he were not permitted to view his
23  medical records. Harden has only until September 21, 2015 to amend his Complaint. Based upon
24  the Court's review of Harden's original Complaint, the claims in his Amended Complaint (should
25  he choose to file one) will require references to and support from his medical records. If Harden
26  were not allowed to view those records, he would face the risk of having one or more of his claims
27  dismissed. Thus, there is a clear risk of irreparable harm absent injunctive relief.
28  / / /

Third, the balance of equities is in Harden's favor. As Defendants stated at the hearing, the Nevada Department of Corrections is already required to provide inmates access to their medical records at least once a year. NDOC Admin. Reg. 639.03. Therefore, the burden on Defendants of being required to allow Harden additional access to his records is minimal. However, the burden on Harden of being denied access to his records would be substantial, as this would hamper his ability to amend his Complaint and to litigate his case effectively. This balance clearly favors Harden.

Fourth, the limited injunctive relief at issue here does not implicate the public interest. "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (alterations in original) (internal quotation marks omitted). Here, the injunctive relief granted by the Court does not involve non-parties other than the Nevada Department of Corrections, who is Defendants' employer. Further, the scope of the injunctive relief in this case (granting Harden the ability to view his medical records) is narrow. Therefore, the Court finds that this factor is a neutral one in its analysis.

Weighing the four Winter factors, the Court concludes that a preliminary injunction directing Defendants to ensure that Harden can view his medical records must be issued.

Therefore,

**IT IS ORDERED** that Defendants shall provide Plaintiff Harold D. Harden with no less than six (6) hours of time to view his complete medical file by **September 10, 2015**. Defendants are permitted to divide this time into smaller blocks; however, each block of time must be no shorter than one hour.

DATED: September 3, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**