# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HAROLD D. HARDEN,             )   Case No. 2:15-cv-01168-RFB-CWH
                              )
    Plaintiff,               )
                              )
  v.                          )
                              )
HIGH DESERT STATE PRISON, et al,   )   **ORDER**
                              )
    Defendants.              )
                              )
_____)

    Presently before the court are eleven of pro se Plaintiff Harold D. Harden's motions (ECF Nos. 84, 86, 90, 91, 92, 93, 94, 138, 139, 143, and 148). Also before the court is Defendant's motion to strike (ECF No. 136), filed on September 27, 2016.

    Plaintiff filed several motions to amend his complaint (ECF Nos. 84, 86, 90, 91, and 93) between June 23 and July 18, 2016. Per the original scheduling order (ECF No. 30) in this case, all amendments to pleadings were due no later than April 16, 2016, and any extension to that deadline would require a showing of both good cause and excusable neglect. Here, the court does not find good cause to extend the deadline to amend the complaint. Therefore, the court will deny these motions.

    Plaintiff also filed two motions to strike (ECF Nos. 92 and 94) on July 18, 2016 and July 21, 2016, respectively. Plaintiff seeks to strike Defendant's responses to motions (ECF Nos. 84 and 86) filed by Plaintiff. The court is authorized to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Pro. 12(f). However, the court finds no such material in Defendant's responses. The court will therefore deny these motions.

    Plaintiff also filed two motions for the magistrate judge to reconsider an order (ECF Nos. 138 and 148) on September 30, 2016 and October 5, 2016, respectively. In both motions, Plaintiff requests reconsideration of the court's order (ECF No. 133) denying Plaintiff's motion for leave to file supplemental documents with the court. Under Local Rule 59-1, motions for reconsideration are

1  disfavored.  However, the court possesses the inherent power to reconsider interlocutory orders when
2  there is newly discovered evidence not available at the time the motion was originally filed, when the
3  court committed clear error or the initial decision was manifestly unjust, or when there is an
4  intervening change in controlling law.  Upon review, the court finds none of these conditions apply
5  to Defendant's motions to reconsider.  The motions will therefore be denied.

6        Plaintiff also filed a motion to correct an error on the docket (ECF No. 143) on September
7  30, 2016.  Plaintiff moves to correct a typographical error made by the clerk's office when it
8  docketed ECF No. 132.  On October 3, 2016, the clerk's office corrected the typographical record.
9  Plaintiff's motion will therefore be denied as moot.

10        Plaintiff also filed a motion to correct an incomplete document (ECF No. 139) on September
11  30, 2016.  Plaintiff represents that due to mishandling or errors beyond his control, his motion for
12  leave to supplement (ECF No. 130) was filed incompletely.  In order to correct this error, Plaintiff
13  requests that the pages of ECF No. 139 marked as "Exhibit A" be attached to ECF No. 130.  Upon
14  review, the court will grant this motion.

15        Finally, before the court is Defendant's motion to strike (ECF No. 136), filed on September
16  27, 2016.  Defendant requests that Plaintiff's objection (ECF No. 127) to Defendant's reply (ECF
17  No. 121) in support of its motion for summary judgment be stricken as an impermissible surreply.  A
18  surreply is an additional reply to a motion that has already been fully briefed.  Defendant's objection
19  was filed in response to a motion for summary judgment that had already been fully briefed.  Under
20  Local Rule 7-2, surreplies are discouraged and not permitted without leave of the court.  Defendant
21  did not seek leave of the court to file his surreply, therefore Defendant's motion to strike will be
22  granted.
23  //
24  //
25  //
26  //
27  //
28

2

IT IS THEREFORE ORDERED that ECF Nos. 84, 86, 90, 91, 92, 93, 94, 138, 143, and 148 are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to correct an incomplete document (ECF No. 139) is GRANTED. The Clerk shall attach the pages of ECF No. 139 marked as "Exhibit A" to ECF No. 130.

IT IS FURTHER ORDERED that Defendant's motion to strike (ECF No. 136) is GRANTED. The Clerk shall strike Plaintiff's objection (ECF No. 127).

DATED: November 2, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

3