**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD D. HARDEN, | Case No. 2:15-cv-01168-RFB-CWH |
| Plaintiff, | |
| v. | |
| HIGH DESERT STATE PRISON, et al, | **ORDER** |
| Defendants. | |

Presently before the Court are Plaintiff's motion of objection (ECF No. 170), filed on December 12, 2016, motion for status inquiry (ECF No. 177), filed on March 1, 2017, and motion for appointment of counsel (ECF No. 187), filed on April 25, 2017. Defendants have not filed any response to these motions.

Plaintiff's motion of objection (ECF No. 170) is a request for the Court to correct the docket text of Plaintiff's request for judicial notice (ECF No. 166). In his request for judicial notice, Plaintiff requested that the Court take note of "all unadjudicated motions." The Clerk listed, in the docket text, a number of motions that, at that time, were still pending. However, not all pending motions were listed in the docket text. The Court acknowledges this, but notes that the docket text is not meant to be a comprehensive account of every motion. When considering a motion, the Court looks to the text of the motion itself, not the docket text summary, to determine the proper course of action. The Court assures Plaintiff that the Court is aware of all pending motions in this case and each will be given its due consideration. The Court notes that since Plaintiff originally filed this motion, a hearing was held in this matter (ECF No. 182) in which most, if not all, of the pending motions in this case were resolved. Any remaining pending motions are still being considered by the Court. No correction to the docket text is necessary.

Plaintiff's motion for status inquiry (ECF No. 170) is a similar request for information regarding the status of this case. With regard to this motion, the Court reiterates its statements from

above: the Court is aware of all pending motions in this case and each will be given its due consideration.

As for Plaintiff's motion for appointment of counsel (ECF No. 187), the Court has previously considered this request from Plaintiff (ECF No. 33), and denied the motion (ECF No. 34). The Court will rely on that motion except to the extent that Plaintiff can show a material change of circumstances.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). After a review of Plaintiff's case, the Court previously found that there were no exceptional circumstances that warranted appointment of counsel. Plaintiff argues that since his claim has partially survived Defendants' motion for summary judgment, he should now be appointed counsel. The Court notes that Defendants' motion for summary judgment (ECF No. 99) was granted in part and denied in part at a hearing held on March 1, 2017. The Court granted dismissal on all claims except for deliberate indifference. The Court finds that, with only a single remaining claim, and no showing of materially changed circumstances otherwise, Plaintiff has not shown the exceptional circumstances necessary for appointment of counsel.

//
//
//
//
//
//
//
//
//

1    IT IS THEREFORE ORDERED that Plaintiff's motion of objection (ECF No. 170) is
2 DENIED. No correction to the docket text is necessary.
3    IT IS FURTHER ORDERED that Plaintiff's motion for status inquiry (ECF No. 177) is
4 GRANTED. This order shall serve as a response to the request for a status inquiry.
5    IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No.
6 187) is DENIED.
7    DATED: April 28, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

3