**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD D. HARDEN, | Case No. 2:15-cv-01168-RFB-CWH |
| Plaintiff, | |
| v. | |
| HIGH DESERT STATE PRISON, | **ORDER** |
| Defendant. | |

Presently before the Court is Plaintiff's motion for contempt of Court (ECF No. 193), filed on May 22, 2017. Defendant filed a response (ECF No. 196) on June 5, 2017. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion for reconsideration (ECF No. 194), filed on May 5, 2017. Defendant filed a response (ECF No. 203) on June 8, 2017. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion for judicial notice (ECF No. 205), filed on June 8, 2017. No response has been filed.

In his motion for contempt of Court, Plaintiff argues that he has been denied access to his medical records, which he requires in order to prepare for this litigation. However, according to Defendant's exhibits 1 and 2, he has reviewed his medical chart on April 20, April 27, May 4, May 11, and May 25, 2017, and been given further opportunities to review his medical records on May 18, but refused. Plaintiff does not respond to this argument, and the Court therefore finds no grounds to find any party in contempt of Court.

In his motion for reconsideration, Plaintiff expresses his disagreement with several of the Court's decisions, but does not provide any authority to suggest that these decisions were contrary to law, or that the Court misunderstood some point of fact or law. Under Local Rule 59-1, the Court possesses the inherent power to reconsider an interlocutory order for cause, so long as it retains jurisdiction. A party seeking reconsideration under Local Rule 59-1(a) must state with particularity the points of law or fact that the court has overlooked or misunderstood. "Reconsideration also may

1

be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Local Rule 59-1(a). However, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." Local Rule 59-1(b). Plaintiff's motion for reconsideration presents no new facts or points of law not previously considered. The only error Plaintiff suggests is that the Court failed to grant Plaintiff's motions that were unopposed. The Court agrees that Local Rule 7-2(d) provides that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." However, it does not agree that this rule means that any motion without an opposition must be granted. Plaintiff provides no authority to support this proposition. The Court will therefore deny the motion to reconsider.

In his motion for judicial notice, Plaintiff appears to be requesting that the Court render a decision on any unresolved motions left on the docket. The Court acknowledges Plaintiff's request and assures him that the Court will attend to each matter in this case as soon as is practicable. As the motion does not request any specific relief, the Court will deny the motion as moot.

IT IS THEREFORE ORDERED that Plaintiff's motion for contempt of court (ECF No. 193) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration (ECF No. 194) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for judicial notice (ECF No. 205) is DENIED as moot.

DATED: December 15, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge