**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

HAROLD D. HARDEN,

    Plaintiff,

    v.

HIGH DESERT STATE PRISON, *et al.*,

    Defendants.

Case No. 2:15-cv-01168-RFB-CWH

**<u>ORDER</u>**

## I. INTRODUCTION

Before the Court are two Motions for Reconsideration filed by Plaintiff Harold D. Harden ("Plaintiff") (ECF Nos. 189 & 190), and Defendant Dr. Michael Koehn ("Koehn")'s Supplemental Motion for Summary Judgment. (ECF No. 197). For the reasons stated below, the Motions for Reconsideration are denied, and the Motion for Summary Judgment is granted.

## II. BACKGROUND

The Court adopts the background stated on the record at its prior hearing on March 27, 2017. The parties were instructed to brief the narrow issue of whether Koehn acted with deliberate indifference with regard to Plaintiff's claims of a cyst on his right arm. Plaintiff filed two Motions for Reconsideration of the Court's prior Order on May 1, 2017. (ECF Nos. 189 & 190). Koehn filed Responses to the Motions on May 15, 2017. (ECF Nos. 191 & 192). Plaintiff did not file Replies. Koehn filed the instant Supplemental Motion for Summary Judgment on June 5, 2017. (ECF No. 197). On July 10, 2017, Plaintiff filed a Motion to Extend Time for a Response. (ECF No. 207). No Response was filed. The Court granted Plaintiff an additional fourteen days to

respond to the motion on January 10, 2018 (ECF No. 217); however, Plaintiff failed to file a Response.

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

#### B. Motion for Reconsideration

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

## IV. UNDISPUTED/DISPUTED FACTS

### A. Undisputed Facts

The Court finds that facts presented in the Motion for Summary Judgment are undisputed and adopts them here. The Court does not find that Plaintiff has produced any competent evidence to rebut the facts presented.

### B. Disputed Facts

The Court finds there are no disputed facts as to the narrow issue discussed in the Motion for Summary Judgment.

## V. DISCUSSION

### A. Plaintiff's Motions for Reconsideration

In Plaintiff's first Motion for Reconsideration (ECF No. 189), he argues that the Court improperly denied his prior Motion for Summary Judgment (ECF No. 112). In Response, Koehn contends that Plaintiff does not offer extraordinary circumstances that merit reconsideration, and further argues that the denial of summary judgment was proper because there were no disputes of fact pertaining to Plaintiff's claims of deliberate indifference regarding the treatment of his genitals. The Court finds that Plaintiff does not offer any newly discovered evidence or change in law, and does not show that the Court committed clear error.

Although Plaintiff does not appear to offer any basis for reconsideration, the Court nonetheless has reviewed its prior decision and finds that Plaintiff's Motion for Summary Judgment was properly denied, as he did not present evidence of disputed facts as to the actions of Defendants Aranas and Carpenter. The Court found and finds that the facts presented by the Defendants in their motion for summary judgement (ECF No. 99) were not rebutted by the Plaintiff and the Court found and finds them to be undisputed. The Plaintiff's self-serving statements and arguments were and are insufficient to create genuine issues of disputed fact as to the material aspects of this case. The undisputed facts demonstrate and the Court finds that: a.) Plaintiff was regularly treated by the Defendants, b.) Plaintiff has not established a serious medical need that was disregarded by the Defendants, c.) the Defendants are entitled to qualified immunity, and d.)

Plaintiff did not establish personal participation in deliberate indifference by Defendant Carpenter. The Motion for Reconsideration (ECF NO. 189) is denied.

In Plaintiff's second Motion for Reconsideration (ECF No. 190), Plaintiff contends that the Court committed legal error by denying his prior Motion for Entry of Clerk's Default (ECF No. 97). Again, Plaintiff does not offer extraordinary circumstances, newly discovered evidence, or a change in law. However, the Court finds that the procedural history of the case demonstrates that Plaintiff is not entitled to reconsideration. Plaintiff's Amended Complaint (ECF No. 16) became operative on March 21, 2016, and was deemed filed as of March 25, 2016. (ECF No. 55). The Attorney General's Office ("AGO") was ordered to file a notice advising the Court and Plaintiff of the Defendants for whom the AGO accepted service. On March 28, 2016, the AGO filed a Notice of Acceptance of Service, indicating that it did not accept service for Defendants Barrister and Holmes, but that it would file the last known addresses for those Defendants under seal. (ECF No. 56). The last known addresses for Barrister and Holmes were filed under seal the following day. (ECF No. 57). Plaintiff never moved to have those Defendants served at their last known addresses. In the Motion for Reconsideration, Plaintiff appears to expect the Court to have served those Defendants sua sponte, because he previously filed a request for service. However, that request for service was filed in January 2016, before the Amended Complaint was screened and operative. (ECF No. 36). Pursuant to Federal Rule of Civil Procedure 4(c), the plaintiff in a civil action is responsible for having the summons and complaint timely served, and if the plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, the plaintiff must request service by U.S. Marshals in order for the Court to effect such service. Plaintiff provides no excuse for his failure to request service upon these Defendants. Because those Defendants were never served, they were properly dismissed from the action and default was properly denied. For these reasons, this Motion is also denied.

### B. Defendant's Motion for Summary Judgment

#### *i. Deliberate Indifference to Serious Medical Need*

The Eighth Amendment provides an avenue for prisoners to bring suits challenging prison conditions. "The Eighth Amendment's prohibition against cruel and unusual punishment protects

prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006), amended on reh'g, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 2006). However, a prisoner must make a sufficient showing of deprivation. "A prisoner claiming an Eighth Amendment violation [for conditions of confinement] must show (1) that the deprivation he suffered was 'objectively, sufficiently serious'; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

The Ninth Circuit has held that claims of "the routine discomfort inherent in the prison setting" alone are not sufficient to constitute deprivations under the Eighth Amendment. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). However, prisoner plaintiffs may have cognizable claims for "deprivations denying the minimal civilized measure of life's necessities [which] are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (citation omitted). Prison officials are obligated to provide medical care for inmates, and the denial of medical care can constitute cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Prison officials can be deliberately indifferent to serious medical needs by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05.

To establish a constitutional violation of deliberate indifference, an inmate must satisfy a two-part test: (1) that he has a "serious medical need" and that "failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain" and (2) the defendants' responded to the medical need with deliberate indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To determine whether the defendants' response was deliberately indifferent, an inmate must show: (1) the defendants purposefully acted or failed to respond to the inmate's possible medical need; and (2) the indifference caused harm. Id. (citation omitted).

At the prior hearing, the Court stated on the record that it was construing Plaintiff's Complaint to plead a deliberate indifference claim against Koehn with regard to the cyst on Plaintiff's right arm. The Court now finds that Koehn has presented undisputed facts that Plaintiff's cyst on his arm does not, and did not while Koehn was Plaintiff's treating physician, constitute a

serious medical condition or need. Koehn has established that the cyst is benign, and that it has been routinely evaluated for changes in color, size, or other indications of harmfulness. Although Koehn did schedule surgery on the cyst, the Court finds it to be undisputed that the scheduling was done out of an abundance of caution, and was to be performed only if the cyst did become harmful. The Court also finds there is no dispute that, as of April 22, 2016, another provider stated that surgery on the cyst was "at best . . . elective . . .[and] can cause more harm than good[.]" Based on the evidence presented, the Court finds that Plaintiff failed to establish a serious medical need that was ignored or disregarded.

The Court also finds that Koehn has presented undisputed facts that he routinely saw Plaintiff and monitored the cyst on his arm. Plaintiff has presented no facts to dispute that he was seen by Koehn on multiple occasions, and that during each visit in which Plaintiff complained of the cyst, Koehn examined Plaintiff's arm and found that the cyst never changed size, shape, or color, nor did it present with any discharge. The Court therefore finds that Koehn did not act with deliberate indifference with regard to the cyst on Plaintiff's arm.

### *ii. Qualified Immunity*

In suits against state officials sued in their individual capacities, plaintiffs bear the burden of proving that a constitutional violation occurred, and that the public official violated a "clearly established" right. See Romero v. Kitsap Cty., 931 F.2d 624, 627 (9th Cir. 1991). Absent such a showing, state officials sued in their individual capacities are protected from damages by qualified immunity. The Court finds that, even if Plaintiff had presented evidence of a serious medical need to which Koehn was deliberately indifferent, Koehn is entitled to qualified immunity because there exists no clearly established right to elective surgical procedures for benign cysts.

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 189) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 190) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 195) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion for Summary Judgment (ECF No. 197) is GRANTED.[1]  All other outstanding motions are DENIED as moot.

The Clerk of Court is instructed to enter judgement accordingly and close this case.

DATED this 5th day of July, 2018

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court is cognizant of the existence of what appears to be an outstanding appeal. The Court, however, vacated the judgement that had been appealed as the judgment had been entered in error. While the appeal has not been formally dismissed, there would seem to be nothing to be appealed prior to this order. The Court has therefore determined that it would be appropriate to enter this order.